IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02046-BNB

GREGORY D. CROSBY, also known as
GREGORY D. COSBY, also known as
GREGORY D. COSMO COSBY,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
CENTRAL OFFICES, et al.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Gregory D. Crosby, also known as Gregory D. Cosby and as Gregory D. Cosmo Cosby, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. Mr. Crosby filed *pro se* a Prisoner Complaint for money damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, and 28 U.S.C. § 1346(b), and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6).

    Mr. Crosby has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court must construe the complaint liberally because Mr. Crosby is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Crosby will be ordered to file an amended complaint.

The complaint is hard to understand because Mr. Crosby's handwriting is difficult to read.  As his first claim, Mr. Crosby alleges that on June 29, 2012, Officer R. Tallion threw him on the floor during a cell rotation and while Mr. Crosby was in restraints and engaged in a verbal confrontation with Officer N. Nelson.  Mr. Crosby further alleges that  Lieutenant M. Smith subsequently moved him to a holding tank; B. Cink, a physician's assistant, examined him and determined he did not suffer any injuries; and he remained in restraints for approximately two hours before he was released to a different cell.  Mr. Crosby contends that on June 30, 2012, he observed several unspecified injuries on his face and body, requested and received a medical examination, and medical personnel determined no treatment was necessary.  He complains that the BOP failed to train Officers Tallion and Nelson correctly and that these officers deliberately subjected him to excessive force.  Mr. Crosby maintains that he suffers long-term pain from injuries incurred during the alleged excessive force.

As his second claim, Mr. Crosby asserts that on July 3, 2012, he submitted a medical request concerning the injuries he allegedly suffered during the incident, received medical treatment on July 3, but no follow-up medical care.  On the basis of these allegations, he contends he received negligent medical care.

Mr. Crosby must clearly assert the statutory basis for each of his claims.  He insists he is asserting FTCA claims.  However, the FTCA does not apply to any claim arising out of an assault.  See 28 U.S.C. § 2680(h).  A claim of excessive force is asserted in an action initiated pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  A claim of personal injury caused by

negligence may be pursued pursuant to the FTCA, *see* 28 U.S.C. § 1346(b)(1), but not under *Bivens*. Although convicted inmates are protected from "deliberate indifference" to their "serious medical needs," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), a prisoner must demonstrate more than mere negligence to establish deliberate indifference; a negligent failure to provide adequate medical care, even one constituting medical malpractice, does not rise to the level of a constitutional violation. *See id.* at 105-06. Even if Mr. Crosby were correct that certain federal officials were negligent (allegations for which there is no factual support in the current record), those allegations do not rise to the level of a showing of deliberate indifference to serious medical needs.

The United States is the only proper defendant in a suit brought under the FTCA. 28 U.S.C. § 2679(d)(1); *see also Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001). However, *Bivens* claims may not be asserted against the United States. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). In order to succeed in a *Bivens* action, Mr. Crosby must allege the violation of his rights under the United States Constitution by particular federal officials while acting under color of federal law. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

To hold individuals liable under *Bivens*, Mr. Crosby must name the individuals in the caption of the complaint and allege facts in the text of the complaint demonstrating each individual defendant's personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Crosby must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each

defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Crosby may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Crosby uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended Prisoner Complaint Mr. Crosby will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude

that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8. Mr. Crosby is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

     Mr. Crosby, therefore, will be directed to file on the Court-approved Prisoner Complaint form an amended complaint that asserts the proper basis for the Court's jurisdiction, states his claims clearly and concisely, sues proper parties, and alleges

5

specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Plaintiff, Gregory D. Crosby, file an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Crosby shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in filing the amended complaint.  It is

FURTHER ORDERED that if, within the time allowed, Mr. Crosby fails to file an amended complaint that complies with this order to the Court's satisfaction, some claims against some defendants, or the entire action, may be dismissed without further notice.

DATED November 1, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge