IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02046-BNB

GREGORY D. CROSBY, also known as
GREGORY D. COSBY, also known as
GREGORY D. COSMO COSBY,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
R. TALLION, Senior Officer,
N. NELSON, Senior Officer, and
FLX-FLP MEDICAL SERVICES,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

    Plaintiff, Gregory D. Crosby, also known as Gregory D. Cosby and as Gregory D. Cosmo Cosby, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. Mr. Crosby filed *pro se* a Prisoner Complaint for money damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, and 28 U.S.C. § 1346(b), and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6).

    On November 1, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Crosby to file an amended Prisoner Complaint that named the proper defendants and differentiated his claims pursuant to the FTCA from claims asserted pursuant to *Bivens*

*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* ECF No. 9. The November 1 order also directed him to file an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and assert the personal participation of each named defendant. On November 13, 2013, Mr. Crosby filed an amended Prisoner Complaint (ECF No. 10) pursuant to *Bivens* and the FTCA. He asks for money damages.

Mr. Crosby has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Crosby is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Crosby's amended Prisoner Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons stated below, the amended Prisoner Complaint will be dismissed in part as legally frivolous pursuant to § 1915(e)(2)(B).

In his amended Prisoner Complaint, Mr. Crosby has failed to differentiate clearly his FTCA and *Bivens* claims as directed. However, the amended Prisoner Complaint will not be dismissed for that reason.

Mr. Crosby is suing two improper parties. Mr. Crosby may not sue the BOP or FLX-FLP Medical Services under either the FTCA or *Bivens*. Magistrate Judge Boland explained to Mr. Crosby in the November 1 order for an amended Prisoner Complaint that the United States is the only proper defendant in a suit brought under the FTCA. 28 U.S.C. § 2679(d)(1); *see also Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001). A federal official or agent is the only proper defendant in a *Bivens* action. *See Strandlof v. RRK Enterprises, Inc.*, Civil Action No. 10-cv-01060-BNB, 2010 WL 2540102, at *2 (D. Colo. June 22, 2010); *see also Pedro v. Smith*, Civil Action No. 11-cv-02756-CBS, 2012 WL 4442805, at *2 (D. Colo. Sept. 26, 2012) (citing *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (A prisoner may bring a *Bivens* claim against an individual officer, but "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP.")); *see also FDIC v. Meyer*, 510 U.S. 471, 472 (1994) (finding no cause of action directly against federal agency under *Bivens*). Therefore, the BOP and FLX-FLP Medical Services, and the claims asserted against them, will be dismissed because neither party may be sued under the FTCA or *Bivens*.

Mr. Crosby's first claim asserts excessive force by Officers R. Tallion and N. Nelson. Mr. Crosby mentions other individuals in the text of the claim but has not included them in the caption to the amended Prisoner Complaint, fails to provide their

addresses, does not allege that they personally participated in subjecting him to excessive force, and does allege that the officers he names as defendants did subject him to excessive force. Therefore, the Court will not treat the additional individuals as defendants. Mr. Crosby specifically alleges that on June 29, 2012, Officer Tallion threw him on the floor during a cell rotation and while he was in restraints and engaged in a verbal confrontation with Officer Nelson. He complains that he remained in restraints for approximately two hours before he was released to a different cell. He also complains that the BOP failed to train Officers Tallion and Nelson correctly.

Mr. Crosby's claim of excessive force asserted against Officer Nelson will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous. A claim premised on excessive verbal abuse, threats, intimidation, or harassment is legally frivolous because verbal threats and harassment do not rise to the level of an Eighth Amendment violation. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). Mr. Crosby's claim of excessive force asserted against Officer Tallion will be drawn to a district judge and a magistrate judge.

As his second claim, Mr. Crosby is suing FLX-FLP Medical Services for denying him proper medical care. He fails to allege what injuries he suffered and what made the medical care he received, or did not receive, inadequate. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his

conclusory allegations." *Hall*, 935 F.2d at 1110.  In any event, the Court already has discussed the reasons Mr. Crosby may not sue FLX-FLP Medical Services under either the FTCA or *Bivens*.  Mr. Crosby's Eighth Amendment claim of deliberate indifference to his serious medical needs asserted against FLX-FLP Medical Services will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 10) that Plaintiff, Gregory D. Crosby, filed on November 13, 2013, is dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that the claims asserted against the Federal Bureau of Prisons and FLX-FLP Medical Services are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that the claim one allegations of excessive force asserted against Officer N. Nelson are dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.  It is

FURTHER ORDERED that the Federal Bureau of Prisons, FLX-FLP Medical Services, and N. Nelson are dismissed as parties to this action.  The only remaining defendant is R. Tallion.  It is

FURTHER ORDERED that the claim one allegations of excessive force asserted against Officer R. Tallion and the case are drawn to a district judge and a magistrate judge.  It is

FURTHER ORDERED that claim two is dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

DATED at Denver, Colorado, this  19th  day of   November        , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court