IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02046-WJM-KMT

GREGORY D. CROSBY, a/k/a
GREGORY D. COSBY, a/k/a
GREGORY D. COSMO COSBY,

    Plaintiff,

v.

R. TALLION, Senior Officer Sp. Lt. Tallion,

    Defendant.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case comes before the court on the "Federal Bureau of Prisons' Motion to Reconsider Granting Plaintiff *In Forma Pauperis* Status And Motion for Extension of Time." (Doc. No. 28, filed Jan. 15, 2014.)  Plaintiff, Gregory D. Crosby, also known as Gregory D. Cosby and Gregory D. Cosmo Cosby, is a prisoner (registration number 05825-045) in the custody of the Federal Bureau of Prisons (BOP) who was incarcerated at the United States Penitentiary, High Security, in Florence, Colorado, when he initiated the instant action.  He since has informed the court that he currently is incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

    On July 31, 2013, Mr. Crosby, acting *pro se*, submitted to the court a Prisoner Complaint (Doc. No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. No. 3).  Upon initial review of the documents, the court issued an order (Doc. No. 4) on August 1, 2013, directing Plaintiff to cure certain enumerated deficiencies, which Plaintiff did on August 13, 2013, by filing an amended Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 (Doc. No. 6).

On August 16, 2013, Magistrate Judge Boyd N. Boland entered an order (Doc. No. 7) granting Mr. Crosby's amended motion to proceed pursuant to 28 U.S.C. § 1915 and instructing him to pay a $1.00 initial partial filing fee, which was paid on October 17, 2013 (*see* ECF No. 8). On November 19, 2013, Senior Judge Lewis T. Babcock entered an order of partial dismissal (Doc. No. 11), drawing to a district judge and magistrate judge the remaining claim of excessive force asserted against the remaining Defendant, Officer Tallion.

On January 15, 2014, the BOP, through counsel, filed its Motion to Reconsider. The BOP's Motion seeks to have the court reconsider the order granting Mr. Crosby leave to proceed pursuant to 28 U.S.C. § 1915. Mr. Crosby filed a response on February 14, 2014. (Doc. No. 32) For the reasons stated below, the court recommends that the Motion to Reconsider be granted and Mr. Crosby's *in forma pauperis* status be revoked.

In relevant part, 28 U.S.C. § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Crosby, on three or more prior occasions, has brought an action while incarcerated that was dismissed on the grounds that it failed to state a claim upon which relief may be granted. *Cosby v. Novetny*, No. 95-3150-RDR (D. Kan. Nov. 1, 1995) (Doc. No. 28, attachment No. 3) (dismissed for failure to state a claim); *Cosby v. True*, No. 96-3002-GTV (D. Kan. Jan. 24, 1996) (ECF No. 28, attachment No. 5) (dismissed for failure to state a claim); *Cosby v. Dody*, No. 93-3408-SAC (D. Kan. Sept. 11, 1996) (ECF No. 28, attachment Nos. 7, 8 at 2) (dismissed for failure to state a claim); and *Crosby v. Martin*, No. 09-3179-SAC (D. Kan. June

12, 2012) (dismissed for failure to state a claim) (ECF No. 28, attachment No. 12), *aff'd*, No. 12-3163 (10th Cir. Nov. 16, 2012) (ECF No. 28, attachment 11).

Each dismissal in the above-referenced cases qualifies as a "strike" under 28 U.S.C. § 1915(g). *See Hafed v. Fed. Bureau of Prisons,* 635 F.3d 1172, 1176 (10th Cir. 2011).

In addition, filing restrictions were imposed against Plaintiff in *Cosby v. Meador*, No. 00-cv-00267-REB-OES (D. Colo. Dec. 2, 2002) (Plaintiff is prohibited from filing any further non-habeas civil actions *in forma pauperis* in this court unless he is under imminent danger of serious physical injury, until he has demonstrated consistent and long-term (e.g., six months to a year) progress toward the payment of all his filing fee obligations in this court), *aff'd and assessed a "strike," Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003). In the instant action, Mr. Crosby failed to disclose in his original Prisoner Complaint (Doc. No. 1) or amended Prisoner Complaint (Doc. No. 10) any of his prior dismissals for failure to state a claim or the filing restrictions imposed against him.

In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). To fall within the exception, Mr. Crosby's amended Prisoner Complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Mr. Crosby admits that he is not in imminent danger of serious physical injury. *See* ECF No. 6 at 2. Further, Mr. Crosby's Amended Prisoner Complaint does not sets forth a claim of current, ongoing, serious physical injury or likelihood of imminent serious physical injury. Instead, Plaintiff's sole remaining claim alleges a past incident of alleged excessive force by Defendant Tallion. (*See* Am. Compl. at 5.)

The court, therefore, finds that Mr. Crosby has initiated three or more actions that count as "strikes" pursuant to 28 U.S.C. § 1915(g) and that he is not under imminent danger of serious physical injury. Pursuant to § 1915(g) he is precluded from bringing the instant action *in forma pauperis*. Mr. Crosby fails to convince the court otherwise. Therefore, the court finds that the BOP's Motion to Reconsider is properly granted; that the order of August 16, 2013, granting Mr. Crosby leave to proceed pursuant to § 1915 is properly vacated, except to the extent it denies as moot Plaintiff's previously-filed *in forma pauperis* motion (Doc. No. 3, filed July 31, 2014); and Plaintiff's *in forma pauperis* status is properly revoked.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS[1] that the "Federal Bureau of Prisons' Motion to Reconsider Granting Plaintiff *In Forma Pauperis* Status And Motion for Extension of Time" (Doc. No. 28) be GRANTED to the extent that it seeks to reconsider the order granting Mr. Crosby leave to proceed *in forma pauperis.* The court further

RECOMMENDS that the order (Doc No. 7) granting Mr. Crosby leave to proceed pursuant to 28 U.S.C. § 1915 be VACATED, except for the denial as moot of Plaintiff's previously-filed *in forma pauperis* motion (Doc. No. 3), and that Plaintiff's *in forma pauperis* status be revoked. The court FURTHER

RECOMMENDS that Mr. Crosby be directed to pay the $399.00 balance of the $400.00 filing fee if he wishes to pursue his claims in this action **within thirty (30) days** from the ruling on this recommendation. It is further

---

[1] The Tenth Circuit has held that magistrate judges lack the authority to enter an order denying *in forma pauperis* status. *Lister v. Dep't of Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005). As such, the court finds it cannot issue a final ruling on the BOP's motion, but instead must issue a recommendation to the district court that Plaintiff's *in forma pauperis* status be revoked. *See id.*

ORDERED that the BOP's Motion (Doc. No. 28) is GRANTED to the extent that it seeks an extension of time to answer or otherwise respond to Plaintiff's Complaint. The deadline for Defendant to answer or otherwise respond is extended until further order of the court.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 21st day of July, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge