**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2046-WJM-KMT

GREGORY D. CROSBY, aka GREGORY D. COSBY, aka GREGORY D. COSMO COSBY,

    Plaintiff,

v.

R. TALLION, Senior Officer Sp. Lt.,

    Defendant.

---

**ORDER ADOPTING JULY 21, 2014 RECOMMENDATION OF MAGISTRATE JUDGE AND REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**

---

    This matter is before the Court on the July 21, 2014 Recommendation of U.S. Magistrate Judge Kathleen M. Tafoya ("Recommendation") that former Defendant Federal Bureau of Prisons' Motion to Reconsider Granting Plaintiff *In Forma Pauperis* Status and Motion for Extension of Time ("Motion") (ECF No. 28) be granted. (ECF No. 40.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). *Pro se* Plaintiff Gregory D. Crosby ("Plaintiff") filed a timely objection to the Recommendation ("Objection"). (ECF No. 41.) For the foregoing reasons, the Court overrules the Objection, adopts the Recommendation, the order granting Plaintiff *in forma pauperis* status, and revokes Plaintiff's *in forma pauperis* status.

### I.  LEGAL STANDARD

    The Tenth Circuit has held that orders denying *in forma pauperis* status are

dispositive orders, and that magistrate judges considering such matters must issue a report and recommendation for a decision by the district court. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. DISCUSSION

Neither party objects to the recitation of facts set forth by the Magistrate Judge in

the Recommendation. (ECF No. 40 at 1-3.) Accordingly, the Court adopts and incorporates the factual background detailed in that Recommendation as if set forth herein. Briefly, on July 31, 2013, Plaintiff filed his Prisoner Complaint (ECF No. 1) and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) requesting leave to proceed *in forma pauperis*. Plaintiff subsequently amended both filings. (ECF Nos. 6 & 10.) On August 16, 2013, Plaintiff's request to proceed *in forma pauperis* was granted ("Order") and Plaintiff was directed to pay a $1.00 initial partial filing fee. (ECF No. 7.)

On January 15, 2014, the instant Motion was filed, seeking reconsideration of the Order. (ECF No. 28.) Plaintiff filed a Response (ECF No. 32) and the Federal Bureau of Prisons filed a Reply (ECF No. 34).

The Magistrate Judge's Recommendation was entered on July 21, 2014, and contains the following findings and conclusions: (1) Plaintiff has brought three or more prior actions while incarcerated that were dismissed on the grounds that they failed to state a claim upon which relief can be granted; (2) Plaintiff admits that he is not in imminent danger of serious physical injury; (3) filing restrictions were imposed against Plaintiff preventing him from filing any further non-habeas civil actions *in forma pauperis* unless he is under imminent danger of serious physical injury; and (4) therefore, pursuant to 28 U.S.C. § 1915(g), Plaintiff may not be granted *in forma pauperis* status for the instant action. (ECF No. 40.)

Plaintiff's Objection states that he does not have the funds to pay the $399.00 balance of the filing fee, that he seeks to amend his complaint as to the threat of imminent danger, and that he was discharged from the Bureau of Prisons on February

26, 2009.  (ECF No. 41.)  Plaintiff does not explain how his assertion with respect to his discharge in 2009 affects the analysis in the Recommendation, but the Court construes it as an objection to the finding that Plaintiff brought three or more prior actions that were dismissed for failure to state a claim.  Nevertheless, Plaintiff's alleged discharge in 2009—prior to his current incarceration—does not alter the analysis under § 1915(g), as Plaintiff had three actions dismissed well before any alleged discharge in 2009.  *See Cosby v. Novetny*, Civil Action No. 95-3150-RDR (D. Kan. Nov. 1, 1995); *Cosby v. True*, Civil Action No. 96-3002-GTV (D. Kan. Jan 24, 1996); *Cosby v. Dody*, Civil Action No. 93-3408-SAC (D. Kan. Sept. 11, 1996).  Nor does Plaintiff's inability to pay the balance in full affect the Court's analysis of the application of § 1915(g).  Accordingly, the only part of the Recommendation to which Plaintiff specifically objects is the finding that he is not in imminent danger.

To meet the "imminent danger of serious physical injury" requirement, a prisoner must make "specific and credible allegations to that effect".  *Childs v. Miller*, 713 F.3d 1262, 1267 (10th Cir. 2013) (internal quotation marks and brackets omitted).  On Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, in response to the question, "Are you in imminent danger of serious physical injury?", he checked the box reading "No" and wrote "N/A" on the lines below.  (ECF No. 6 at 2.)  Plaintiff now makes a conclusory assertion that he faces imminent danger in order to avoid the revocation of his *in forma pauperis* status.  (ECF No. 41 at 2.)  This fails to meet the requirements of § 1915(g).  Accordingly, Plaintiff's Objection as to the finding that he does not meet the "imminent danger" exception to § 1915(g) is overruled.

As to the remaining, unobjected-to findings and conclusions in the Recommendation, they are well-reasoned and thorough, and the Court finds no clear error. *See Summers*, 927 F.2d at 1167. Accordingly, the Recommendation is therefore adopted in its entirety.

## III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation of the Magistrate Judge (ECF No. 40) is ADOPTED IN FULL and the Federal Bureau of Prisons' Motion to Reconsider Granting Plaintiff *In Forma Pauperis* Status and Motion for Extension of Time (ECF No. 28) is GRANTED;

2. Plaintiff's Objection to the Recommendation (ECF No. 41) is OVERRULED;

3. The Order granting Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 7) is VACATED to the extent that it permitted Plaintiff to proceed *in forma pauperis*, and Plaintiff's *in forma pauperis* status is REVOKED;

4. Plaintiff is DIRECTED to pay the $399.00 balance of the $400.00 filing fee within 45 days of receipt of this Order in order to pursue his claims in this action; and

5. Defendant's request in the Motion for an extension of time to respond to the Amended Complaint is GRANTED, and Defendant's response deadline is STAYED until further order of the Magistrate Judge.

Dated this 28th day of August, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge