IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–02046–WJM–KMT

GREGORY D. CROSBY a/k/a
GREGORY D. COSBY,
GREGORY D. COSMO COSBY,

Plaintiff,

v.

R. TALLION, Senior Officer Sp. Lt. Tallion,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on the Order to Show Cause regarding Plaintiff's failure to pay the $399.00 balance of the $400.00 filing fee (Doc. No. 54, filed Mar. 11, 2015) and "Plaintiff [sic] Show Cause Response" (Doc. No. 55, filed Mar. 23, 2015).

On July 31, 2013, Plaintiff, acting *pro se*, submitted to the court a Prisoner Complaint (Doc. No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. No. 3). Upon initial review of the documents, the court issued an order (Doc. No. 4) on August 1, 2013, directing Plaintiff to cure certain enumerated deficiencies, which Plaintiff did on August 13, 2013, by filing an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. No. 6).

On August 16, 2013, Magistrate Judge Boyd N. Boland entered an order (Doc. No. 7) granting Mr. Crosby's amended motion to proceed pursuant to 28 U.S.C. § 1915 and instructing him to pay a $1.00 initial partial filing fee, which was paid on October 17, 2013 (*see* ECF No. 8). On November 19, 2013, Senior Judge Lewis T. Babcock entered an order of partial dismissal (Doc. No. 11), drawing to a district judge and magistrate judge the remaining claim of excessive force asserted against the remaining Defendant Tallion.

On January 15, 2014, the United States Bureau of Prisons (BOP), through counsel, filed a Motion to Reconsider Granting Plaintiff *In Forma Pauperis* Status and Motion for Extension of Time. (Doc. No. 28.) On July 21, 2014, this court entered a Recommendation that the BOP's Motion to Reconsider be granted and that Plaintiff's *in forma pauperis* status be revoked because Plaintiff had previously initiated three or more actions that count as "strikes" under 28 U.S.C. § 1915. (Doc. No. 40.) On August 28, 2014, District Judge William J. Martinez adopted this court's Recommendation, vacated the Order granting Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 to the extent it permitted Plaintiff to proceed *in forma pauperis*, and revoked Plaintiff's *in forma pauperis* status. (Order Adopting Recommendation, Doc. No. 46.) District Judge Martinez further ordered Plaintiff to pay the $399.00 balance of the $400.00 filing fee within 45 days of the receipt of that Order in order to pursue his claims in this action. (*Id.*)

Plaintiff did not pay the $399.00 balance of the filing fee within 45 days of District Judge Martinez's Order, nor has he paid the filing fee to date. As such, Plaintiff has failed to comply with Judge Martinez's Order.

The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants. *See Jones v. Thompson,* 99 F.2d 261, 264 (10th Cir. 1993). In particular, Federal Rule of Civil Procedure 41(b) enables the court to dismiss an action for failure to comply with a court order. The Tenth Circuit has specifically held that Rule 41(b) allows a district court to dismiss an action for failure to comply with a court order to pay the requisite filing fee. *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003). Further, D.C.COLO.LCivR 41.1 states that a judicial officer may issue an order to show cause why a case should not be dismissed for failure to comply with a court order.

Dismissal, however, is a severe sanction, and generally requires the district court to consider certain criteria. *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir.2009). In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice. The factors are: “(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.” *See also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). “[D]ismissal is warranted when ‘the aggravating factors outweigh the judicial system’s strong predisposition to resolve cases on their merits.’” *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Plaintiff argues in his Response that he does not have the financial means to pay the balance of his filing fee. In support of this argument, Plaintiff attaches an Inmate Statement from the Federal Bureau of Prisons showing that is inmate account has had an average balance of $4.41 for the past six months.

Upon consideration of Plaintiff's Response and the *Ehrenhaus* factors, the court finds that this action is properly dismissed with prejudice. As to the first factor, Defendants have suffered little prejudice as a result of Plaintiff's failure to pay his filing fee. While Defendants moved to have Plaintiff's *in forma pauperis* status revoked, based on the fact that Plaintiff had already incurred three "strikes," since that time, Defendants have not been required to participate in this action.

Nevertheless, the remaining *Ehrenhaus* factors weigh in favor of dismissal. First, the court finds that Plaintiff's actions have significantly interfered with the judicial process. The fee provisions of the PLRA "are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997)). By failing to pay the balance of the filing fee, Plaintiff seeks to pursue litigation in direct defiance of the safeguards that are applicable to all other prisoner litigants. Moreover, Plaintiff's failure to comply with his filing fee obligations has not only forestalled this action, it has also increased the court's workload by requiring it to review the case file and issue orders directing Plaintiff to pay the remainder of the filing fee. This takes the court's attention away from other matters where the parties have fulfilled their obligations and

are deserving of prompt resolution of their issues. Altogether, Plaintiff's failure to comply with Judge Martinez's order evinces a complete lack of respect for the court and the judicial process.

As to the third factor, the court finds that Plaintiff is culpable for his failure to pay the balance of the filing fee. First, the Inmate Statement attached to his Response shows several "sales" transactions, including at least two "store purchases." Although the amount of these transactions falls well short of the $399.00 filing fee, it does suggest that "Plaintiff 'thought clothing and sundries more valuable than continued pursuit of litigation.'" *Cosby,* 351 F.3d at 1334 (quoting *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998)).

Moreover, to the extent Plaintiff argues that his low monthly balance mitigates his culpability in failing to comply with Judge Martinez's order to pay the balance of the filing fee, the PLRA's filing fee requirements are mandatory, not discretionary. Indeed, the PLRA provides

> **In no event** shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

28 U.S.C. § 1915(g) (emphasis added).

Thus, Plaintiff's purported indigence does not excuse his failure to pay the balance of the filing fee.

As to the fourth *Ehrenhaus* factor, the court specifically warned Plaintiff in the Order to Show Cause that a failure to pay the filing fee or show good cause for his failure to do so would

[1] District Judge Martinez rejected Plaintiff's argument that he is in imminent danger of serious physical injury. (Order Adopting Recommendation at 4.)

result in dismissal of this action. Finally, as to the fifth factor, the court finds that no sanction other than dismissal would be effective under the circumstances. First, it would be pointless to impose a financial sanction on a plaintiff as a remedy for a failure to meet prior financial obligations. Moreover, as already discussed, the PLRA makes clear that a prison litigant with three prior "strikes" may not proceed with any action without paying the requisite filing fee.

Accordingly, on balance, on balance, the court finds that dismissal of this action is appropriate.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's Prisoner Complaint be dismissed, with prejudice, pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992) and 28 U.S.C. § 1915(g) for failure to comply with orders directing Plaintiff to pay the $399.00 balance of the $400.00 filing fee.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge