**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2046-WJM-KMT

GREGORY D. CROSBY, aka GREGORY D. COSBY, aka GREGORY D. COSMO COSBY,

    Plaintiff,

v.

R. TALLION, Senior Officer Sp. Lt.,

    Defendant.

---

**ORDER ADOPTING APRIL 9, 2015 RECOMMENDATION OF
MAGISTRATE JUDGE AND DISMISSING CASE**

---

This matter is before the Court on the July 21, 2014 Recommendation of U.S. Magistrate Judge Kathleen M. Tafoya ("Recommendation") that this action be dismissed due to *pro se* Plaintiff Gregory D. Crosby's ("Plaintiff") failure to comply with this Court's order to pay the balance of the filing fee. (ECF No. 56.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Plaintiff filed a timely objection to the Recommendation ("Objection"). (ECF No. 57.) For the foregoing reasons, the Court overrules the Objection, adopts the Recommendation, and dismisses this action.

**I. LEGAL STANDARD**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly

objected to." Fed. R. Civ. P. 72(b)(3). In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record."). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. DISCUSSION

Neither party objects to the recitation of facts set forth by the Magistrate Judge in the Recommendation. (ECF No. 56 at 1–2.) Accordingly, the Court adopts and incorporates the factual background detailed in that Recommendation as if set forth herein. Briefly, on July 31, 2013, Plaintiff filed his Prisoner Complaint (ECF No. 1) and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) requesting leave to proceed *in forma pauperis*. Plaintiff subsequently amended both filings. (ECF Nos. 6 & 10.) On August 16, 2013, Plaintiff's request to proceed *in forma*

*pauperis* was granted ("Order") and Plaintiff was directed to pay a $1.00 initial partial filing fee. (ECF No. 7.)

On January 15, 2014, then-Defendant United States Bureau of Prisons ("BOP") filed a Motion to Reconsider Granting Plaintiff *In Forma Pauperis* Status (ECF No. 28), seeking revocation of Plaintiff's *in forma pauperis* status because he had previously filed three or more actions that were dismissed for failure to state a claim. The BOP argued that, pursuant to 28 U.S.C. § 1915(g), Plaintiff was barred from proceeding in the instant case *in forma pauperis*. The Magistrate Judge's July 21, 2014 Recommendation agreed with the BOP that Plaintiff had met the conditions of § 1915(g), prohibiting him from filing any further non-habeas civil actions *in forma pauperis* unless he is under imminent danger of serious physical injury. (ECF No. 40.) Noting that no imminent danger existed, the Magistrate Judge recommended revoking Plaintiff's *in forma pauperis* status for the instant action. (*Id.*) The Court overruled Plaintiff's objection to the July 21, 2014 Recommendation and adopted it in full, revoking Plaintiff's *in forma pauperis* status ("Revocation Order"). (ECF No. 46.)

On March 11, 2015, the Magistrate Judge issued an Order to Show Cause requiring Plaintiff to pay the $399.00 balance of the $400.00 filing fee pursuant to the Revocation Order, or show cause why his case should not be dismissed for failure to pay. (ECF No. 54.) Plaintiff filed a Response on March 23, 2015. (ECF No. 55.)

On April 9, 2015, the Magistrate Judge issued the instant Recommendation. (ECF No. 56.) The Recommendation found that Plaintiff had failed to pay the $399.00 balance of the filing fee in violation of the Revocation Order, and that, pursuant to

Federal Rule of Civil Procedure 41(b), the Court may dismiss an action for such a violation.  (*Id.* at 2–3.)  Noting that dismissal is a severe sanction, the Magistrate Judge considered the relevant factors as discussed in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 2009), and concluded that Plaintiff's asserted inability to pay the balance of the filing fee was insufficient to outweigh the remaining factors indicating that dismissal is appropriate here.[1]  (*Id.* at 3–5.)

Plaintiff's Objection reiterates that he does not have the funds to pay the $399.00 balance of the filing fee, and takes issue with the Revocation Order and the filing fee requirement in general.  (ECF No. 57.)  Plaintiff variously states that he "has no objection to pay the filing fees or other financial obligation," that his "personal funds are not for actions created by defendants for their liability or negligence," and that it "is totally a[b]surd and defiant" for the Court to state that Plaintiff failed to comply with the Revocation Order.  (*Id.* at 3–4.)  As the Court has previously held, Plaintiff's inability to pay the balance in full does not affect the analysis under § 1915(g) (*see* ECF No. 46 at 4), and the Magistrate Judge duly considered Plaintiff's inability to pay in the Recommendation, finding that it did not alter her conclusions.  (ECF No. 56 at 4–6.)

Plaintiff fails to state any specific objection to the Magistrate Judge's analysis under the *Ehrenhaus* factors or identify any particular error in the Recommendation.  Instead, Plaintiff exhibits blatant disrespect for this Court and its functions, stating that

---

[1] The non-exhaustive list of factors in *Ehrenhaus* is as follows: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921.

he is "tired of this district court making clear cut error and cry fool claims the Plaintiff is manipulative toward the judicial system," and that "[t]his Court erred not the Plaintiff, and it needs to acknowledge it[s] dam[n] mistake or return to law school and re-read the law." (ECF No. 57 at 3, 5.)  The Court will not tolerate such statements, even from a *pro se* litigant, and Plaintiff is warned that future disparaging commentary may subject him to further sanctions.

Despite numerous opportunities to identify any error in the Court's orders in this matter, Plaintiff continually fails to do so.  Plaintiff has not specifically articulated any other basis for his objection to the Recommendation.  The Court finds that the Recommendation is well-reasoned and thorough, and contains no clear error.  *See Summers*, 927 F.2d at 1167.  Accordingly, the Recommendation is adopted in its entirety and this action shall be dismissed.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Recommendation of the Magistrate Judge (ECF No. 56) is ADOPTED IN FULL;
2. Plaintiff's Objection to the Recommendation (ECF No. 57) is OVERRULED; and
3. Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), and 28 U.S.C. § 1915(g) for failure to comply with orders directing Plaintiff to pay the $399.00 balance of the $400.00 filing fee.  The Clerk of Court shall close the case.

Dated this 23rd day of July, 2015.

BY THE COURT:

William J. Martinez
United States District Judge